JOHN McCLELLAN *vs.* ERASTUS FISHER.

An award of referees that the owner of a mill-dam shall pay to the owner of land flowed by his dam one hundred dollars a year as long as the dam is kept at its present height, "and no more, unless by so doing he pays damage, if any is done by increasing the height," is no bar to a complaint under the mill act to recover damages occasioned by raising the height of the dam, prosecuted in the name of a person to whom such owner of the land flowed has since the award and the raising of the dam conveyed it, reserving to himself the right to collect the annual damages awarded, and "the right to take all necessary and proper legal measures to collect, either in his own name or in the name of the owner of the estate hereby conveyed, all such damage as shall be caused to said estate by means of said dam, kept at any height up to the present height of said dam; the owner of the estate having the right to recover to his own use all the damage which shall be occasioned to said estate by so much of the height of said dam as shall be above its present height."

COMPLAINT under the mill act, Rev. Sts. *c.* 116. The parties stated the following case, upon which the superior court gave judgment for the complainant, and the respondent appealed.

The parties are owners of adjoining estates and water privileges, and the respondent maintains a mill-dam which flows the complainant's land.

On the 14th of July 1848 Joshua Leland, the complainant's grantor, and the late firm of Waterman A. Fisher & Co., of which the respondent was a member and from which he derives his title, agreed in writing to submit to the final determination and award of certain referees, mutually chosen, a claim of Leland against Fisher for damages for flowing the land now owned by the complainant.

On the same day the referees awarded that Fisher & Co., their heirs, &c., should pay unto Leland, his heirs, &c., " the sum of one hundred dollars a year, payable annually, the first payment to be paid on the first day of October next, and to continue to pay yearly the same amount as long as the dam is kept at the height it now is, and having the privilege of having flash-boards upon the dam six inches in height, and no more, unless by so doing they pay damage if any is done by increasing the height of said flash-boards."

On the 31st of October 1854 Leland conveyed his land to

the complainant, " the grantor however reserving unto himself and his legal representatives the right to collect, have and receive the amount due annually from Waterman A. Fisher & Co. by virtue of an award made on the 14th day of July 1848 ;" " with the further reservation of the right to take all necessary and proper legal measures to collect, either in his own name or in the name of his legal representatives, or in the name of the owner of the estate hereby conveyed, all such damage as shall be caused to said estate by means of a dam below the same estate, kept at any height up to the present height of the dam of said Waterman A. Fisher & Co.; the owner of the estate having the right to recover to his own use all the damage which shall be occasioned to said estate by so much of the height of said dam as shall be above its present height."

After the date of the award and before this conveyance, the dam was carried away by flood; the respondent, in rebuilding it, raised it to a greater height than that established by the referees; and it is to recover damages for the increased flowing occasioned by this raising of the dam that this suit is brought.

It is conceded that the complaint is not brought nor prosecuted for the benefit of Leland, and the respondent contends in his answer that, under the reservation in the deed, the complainant cannot maintain a suit in his own behalf.

Since the filing of the complaint the complainant has obtained a conveyance from Leland of his right to all damages which may have accrued since the 14th of July 1848, from the flowing of the land above the height established by the award, and the right to bring actions therefor in the name and to the use of complainant, together with full authority to prosecute, in his own behalf, the complaint pending against the respondent.

If, upon the foregoing facts, the court are of opinion that this complaint can be maintained, the respondent is to be defaulted and a warrant issue; otherwise the complainant is to become nonsuit.

*P. C. Bacon & W. F. Slocum,* for the respondent, were first called on, and cited Rev. Sts. *c.* 116, § 8; *Charles* v. *Porter,* 10 Met. 37; *Howard* v. *Proprietors of Locks & Canals,* 12 Cush.

265; *Walker* v. *Oxford Woollen Manuf. Co.* 10 Met. 203; *Seymour* v. *Carter*, 2 Met. 520.

*D. Foster*, for the complainant, cited Gen. Sts. *c.* 149, §§ 6, 8; *Walker* v. *Oxford Woollen Manuf. Co.* 10 Met. 203; *Hennessey* v. *Andrews*, 6 Cush. 170; *Ballard* v. *Ballard Vale Co.* 5 Gray, 468; *Baird* v. *Williams*, 19 Pick. 384; *Bayley* v. *Bryant*, 24 Pick. 201; *Nelson* v. *Thompson*, 7 Cush. 502.

CHAPMAN, J. The complainant may maintain this process to recover damages occasioned by raising the dam above the height established by the award. The respondent is not by the terms of the award entitled to raise the dam to a greater height than that which is therein established; but it leaves the parties to their legal rights under the mill acts. In the conveyance of Leland to the complainant, no reservation is made of any estate, but merely of the right to receive to his own use such damages as may be recovered by a legal process. But the estate being conveyed, the process must by the statute be brought by the grantee, he being the owner of the estate. The respondent has no interest in the question whether the complainant can retain the damages to his own use, or is obliged to account to Leland for them.

*Respondent defaulted; warrant for a jury to issue.*